IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JENNIFER KNIGHT, as administrator of the estate of HENRY KNIGHT, IV, | : : : | Case No. 1:23-cv-761 |
| | : | Judge Matthew W. McFarland |
| Plaintiff, | : : | |
| v. | : : | |
| NORFOLK SOUTHERN RAILWAY COMPANY, et al., | : : : | |
| Defendants. | : : | |

### ORDER AND OPINION

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 21) and Plaintiff's Motion to Dismiss (Doc. 23). Plaintiff did not respond to Defendants' Motion, and the time to do so has passed; but, Defendants filed a Reply in Support of their Motion (Doc. 22). Defendants also filed a Response (Doc. 24) to Plaintiff's Motion, but Plaintiff did not reply, and the time to do so has passed. Thus, this matter is ripe for review. For the following reasons, Plaintiff's Motion to Dismiss (Doc. 23) is **DENIED**. Defendants' Motion for Summary Judgment (Doc. 21) is **GRANTED.**

### FACTS

Plaintiff alleges that on or about October 23, 2021, Henry Knight, IV ("Mr. Knight") was walking near the railroad tracks at State Route 747 in Butler County, Ohio. (Compl., Doc. 5, ¶ 4.) At that time, Defendant Glen Gallion was operating a train owned by Defendant Norfolk Southern Railway Company ("Norfolk"). (*Id.* at ¶¶ 5, 44; *see also*

Gallion Decl., Doc. 16, Pg. ID 229-61.) Defendant Matthew Baxter was the supervising conductor of that train, which was traveling near State Route 747. (Complaint, Doc. 5, ¶¶ 5, 25; *see also* Baxter Decl., Doc. 11, Pg. ID 69-102.) As the train drew closer, the crew noticed Mr. Knight and sounded the whistle more frequently than usual to get Mr. Knight's attention. (Mason Decl., Doc. 12, Pg. ID 108-38.) The train and Mr. Knight were traveling in the same direction and both approaching a highway grade crossing. (Marion Aff., Doc. 14, Pg. ID 223-25.) The crossing's protective measures, including lights, gates, and bells were activated as the train and Mr. Knight approached the crossing. (*Id.*) Nearby witnesses attested that the train made significant noise by traveling down the track and blowing its whistle. (Charles Skidmore Aff., Doc. 19, Pg. ID 268-70; Carson Skidmore Aff., Doc. 17, Pg. ID 262-64; Bechtel Aff., Doc. 15, Pg. ID 226-28; Miller Aff., Doc. 18, Pg. ID 2665-67.) The train was also moving at thirty-seven miles per hour, well within the authorized maximum train speed for trains traveling in that area. (Mason Decl., Doc. 12, Pg. ID 107-08.) However, the train hit Mr. Knight, causing his death. (Compl., Doc. 5, ¶ 8.)

Plaintiff alleges that both Defendants Gallion and Baxter realized that Mr. Knight's life was in danger because of his proximity to the moving train and failed to take all means possible to prevent the train from causing him injury or death. (Compl., Doc. 5, ¶¶ 7, 17, 27, 37.) Plaintiff brings a wrongful death suit against Defendants Gallion and Baxter for negligence, as well as claims against Defendants Norfolk and XYZ Corporation under the theory of respondeat superior. (*Id.* ¶¶ 10-11, 20-21, 30-31, 40-41, 47, 53.)

2

## PROCEDURAL POSTURE

Plaintiff brought this action against Defendants in the Court of Common Pleas of Butler County, Ohio, on October 23, 2023. (Compl., Doc. 5.) Defendants removed the case to this Court on November 17, 2023. (Notice of Removal, Doc. 1.) The parties filed a Joint Discovery Plan (Doc. 6), which the Court adopted into a Calendar Order (Doc. 9). In accordance with that Calendar Order, Defendants provided Plaintiff with their Initial Disclosures, Requests for Production, and Interrogatories. (Defendants' Motion, Doc. 21, Pg. ID 273-74.) Plaintiff provided responses, which Defendants characterized as "less than enlightening." (*Id.* at Pg. ID 274.) Defendants then requested supplementation to Plaintiff's responses, which Plaintiff promised to provide by May 20, 2024. (*Id.*) To date, Plaintiff has not provided any additional information in response to Defendants' discovery requests, nor has Plaintiff submitted any written discovery to Defendants, disclosed any experts, or deposed any witnesses. (*Id.*; *see also* Brockman Decl., Doc. 13, Pg. ID 139-98.) Conversely, Defendants have retained an expert witness, who has provided a report in compliance with the Court's Calendar Order; tracked down and interviewed fact witnesses, and obtained affidavits and declarations. (Response, Doc. 24, Pg. ID 290; *see also* Affidavits, Docs. 11-20; Defendants' Motion, Doc. 21.) In total, Defendants' attorneys have spent over 185 hours preparing this matter for trial. (Response, Doc. 24, Pg. ID 290.)

## LAW AND ANALYSIS

### I. Plaintiff's Motion to Dismiss Under Rule 41

Federal Rule of Civil Procedure 41(a) allows a plaintiff to dismiss an action either (1) without a court order if no opposing party has answered the complaint or all parties stipulate to the dismissal, or (2) with a court order if the opposing party has responded to the complaint and does not stipulate to the dismissal. Dismissals under Rule 41(a) are without prejudice, unless noted otherwise. Whether to grant a motion to dismiss under Rule 41(a)(2) is "within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat. Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). The purpose of the rule requiring court approval of the plaintiff's dismissal is to protect the nonmoving party from unfair treatment. *Id.* "Generally, an abuse of discretion is found only where the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (collecting cases) (cleaned up). A court considers several factors to determine whether the nonmovant will suffer plain legal prejudice from dismissal: (1) defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed by the defendant. *Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). This list is not exhaustive, nor are the factors mandatory for the court to deny dismissal. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007).

Plaintiff filed a Motion to Dismiss under Rule 41(a)(2), reserving the right to refile the action within one year of dismissal, in accordance with Ohio Revised Code § 2305.19. (Plaintiff's Motion, Doc. 23, Pg. ID 286.) A motion to dismiss under Rule 41(a)(2) is required since Defendants have answered the Complaint and have not agreed to a stipulation of dismissal. *See* Fed. R. Civ. P. 41(a); *see also* Answer, Doc. 4; Plaintiff's Motion, Doc. 23, Pg. ID 286, n.1. Plaintiff asserts that she requires "additional time for investigation and discovery in order to prosecute her case." (Plaintiff's Motion, Doc. 23, Pg. ID 286.) Specifically, she claims to have had difficulty obtaining an expert witness and needs more time to consult with qualified experts, as well as to depose Defendants' witnesses to properly respond to Defendants' Motion for Summary Judgment. (*Id.*)

Plaintiff claims that Defendants will not face prejudice, as "the mere risk of Plaintiff refiling this case within one year would not substantially prejudice Defendants in any way." (Motion, Doc. 23, Pg. ID 287.) Furthermore, the potential expense associated with dismissal will not cause prejudice, as Plaintiff will cover court costs associated with dismissal. (*Id.*) And, Plaintiff points out that much of the legal work for which Defendants have already incurred expenses can be used again in subsequent litigation, and requests that the Court only award fees and costs for the legal work that cannot be reused. (*Id.*)

Defendants disagree. (Response, Doc. 24, Pg. ID 290.) Examining the four factors that courts examine to find plain legal prejudice, Defendants state that each factor supports the Court denying Plaintiff's Motion. (*Id.*) In relation to the first factor concerning Defendants' effort and expense in preparing for trial, Defendants point to: (1) the expert witness they have retained, who has prepared an expert report; (2) several fact

5

witnesses for whom they have gathered declarations and affidavits; and (3) the discovery they have propounded to Plaintiff. (*Id.*) In sum, Defendants' attorneys have expended over 185 hours in preparing the case for trial. (*Id.*) The Court agrees that this factor weighs in favor of Defendants.

The second factor examines the excessive delay and lack of diligence on Plaintiff's part in prosecuting her case. Defendants note that they submitted their joint discovery plan on February 14, 2024, but at this juncture, Plaintiffs have not submitted any of their own discovery requests by the deadlines imposed by the Court's Order. (Response, Doc. 24, Pg. ID 291-92.) And, Plaintiff's responses to Defendants' requests for production and interrogatories were insufficient; Plaintiff often provided answers that were vague or nonresponsive. (*Id.* at Pg. ID 292.) When Defendants requested additional or supplemental information, Plaintiff agreed to provide that by May 20, 2024, but has still not provided that requested information. (*Id.* at Pg. ID 293.) Finally, Defendants point to the fact that Plaintiff never responded to their Motion for Summary Judgment. (*Id.* at Pg. ID 293-94.) Defendants contend that Plaintiff's inaction in this case shows "no diligence" and "total disregard" for this Court's Orders in pursuing her claim. (*Id.* at Pg. ID 294.) The Court agrees. Plaintiff's unresponsiveness to Defendants' discovery requests has certainly caused excessive delay in the case and shows a lack of diligence on her part to further her own claims. Plaintiff did not respond to Defendants' Motion for Summary Judgment, nor reply in support of her own Motion to Dismiss. This factor, too, weighs against dismissal without prejudice.

6

On the third factor, Defendants also state that Plaintiff's explanation for the need to dismiss her claims is insufficient. (Response, Doc. 24, Pg. ID 294.) Analyzing each reason Plaintiff provides in her Motion, Defendants note that none provide adequate specificity as to why dismissal is needed. (*Id.* at Pg. ID 294-95.) First, where Plaintiff states that she needs additional time for investigation and discovery, Defendants question how much additional time is needed and why she did not previously request an adjustment to the Calendar Order. (*Id.* at Pg. ID 294.) She has also not explained what investigation she has already accomplished and still requires, nor why the investigation and discovery could not have been completed earlier. (*Id.* at Pg. ID 294-95.) Regarding her claim that she has had difficulty retaining an expert, Defendants question what her previous efforts to retain an expert entailed and why, again, she did not request additional time to disclose experts. (*Id.* at Pg. ID 295.) Finally, where Plaintiff claims she needs additional time to depose Defendants' witnesses, Defendants ask why Plaintiff never requested these depositions or noticed the deposition of witnesses, nor identified any of her own witnesses. (*Id.*) The Court finds that Plaintiff's requests are indeed overly broad and vague, and provide no justification for why her requests could not have been made earlier. *See Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956-57 (6th Cir. 2003) (third factor weighed heavily in favor of defendant where the plaintiff's explanation for dismissal was "at best, convoluted"). And, as Plaintiff did not reply to Defendants' Response, she has not elaborated on the justification for her requests. This factor thus weighs for Defendants.

7

Finally, the fourth factor examines whether a motion for summary judgment is already pending in the case. Defendants filed their Motion for Summary Judgment (Doc. 21) on November 12, 2024, and Plaintiff filed her Motion to Dismiss on December 20, 2024. Therefore, the Motion for Summary Judgment had been pending for over a month before Plaintiff moved to dismiss. Indeed, Plaintiff moved to dismiss after the deadline to respond to Defendant's Motion had passed. The final factor also weighs in favor of Defendants.

\* \* \*

All four factors point toward a finding that Defendants would suffer plain legal prejudice if Plaintiff's case is dismissed without prejudice under Rule 41(a)(2). Thus, the Court must deny Plaintiff's Motion to avoid unfair treatment to Defendants. *Garner v. Fuyao Glass America, Inc.*, 3:21-CV-51, 2022 WL 17811406, at *6 (S.D. Ohio Dec. 19, 2022) (finding dismissal would cause unfair treatment when all four factors weighed against dismissal).

## II. Defendants' Motion for Summary Judgment

When there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, the district court shall grant summary judgment. Fed. R. Civ. P. 56(a). The moving party has the burden to conclusively show that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets that burden, then it becomes the nonmoving party's responsibility to point to specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

8

250 (1986). A court is under no obligation to search the record for genuine issues of material fact. *Betkerur v. Aultman Hosp. Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996).

Moreover, a "mere scintilla" of evidence in support of the nonmoving party's position is not enough to avoid summary judgment. *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005). Rather, to preclude summary judgment, the nonmoving party must put forward probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy*, 39 F.3d at 1347. If the nonmoving party fails to make the necessary showing for an element on which it has the burden of proof, then the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

Furthermore, the Sixth Circuit's stance on abandonment of claims is clear: "a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *see also Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 176 F. App'x 522, 524-25 (6th Cir. 2006). And, a plaintiff's failure to respond to a motion for summary judgment constitutes "forfeiture of the claims to which the motion is addressed." *Curtis v. Burgess*, No. 1:22-CV-266, 2023 WL 5021898, at *2 (W.D. Mich. July 6, 2023). Opposition to the summary judgment motion "is waived, and dismissal appropriate, where the plaintiff fails to respond" to the motion. *Id.*; *see also Humphrey v. United States Attorney General's Office*, 729 F. App'x 328, 331 (6th Cir. 2018).

In their Motion, Defendants assert that Plaintiff has failed to prove any negligence on behalf of Defendants, and, in the event that Defendants were negligent, Mr. Knight's own negligence outweighs Defendants' negligence. (Defendants' Motion, Doc. 21, Pg. ID 277, 280.) Thus, Defendants claim they are entitled to summary judgment on Plaintiff's claims. (*Id.*) Plaintiff did not respond to Defendants' Motion, prompting Defendants to file a Reply pointing out, once again, Plaintiff's failure to pursue her claims. (Reply, Doc. 22, Pg. ID 284; *see also* S.D. Ohio Civ. R. 7.2(2) ("Any memorandum in opposition shall be filed within twenty-one (21) days after date of service of the motion.").

As previously explained, the Sixth Circuit is clear that a plaintiff is deemed to have abandoned her claims when she "fails to address it in response to a motion for summary judgment." *Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *see also Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011); *Clark v. City of Dublin*, 176 F. App'x 522, 524-25 (6th Cir. 2006). Failing to respond at all to a motion for summary judgment is considered a forfeiture of the claims to which the motion is addressed. *Curtis v. Burgess*, No. 1:22-CV-266, 2023 WL 5021898, at *2 (W.D. Mich. July 6, 2023). Plaintiff stated in her Motion to Dismiss that she required additional discovery in order to respond to Defendants' Motion. (Motion to Dismiss, Doc. 23, Pg. ID 286.) Yet, she never moved for an extension of time to respond. Nor did she provide adequate explanation in her Motion as to why she could not gather the information or discovery she needed for a response beforehand. (*Id.*) Nor did she attempt to request *any* discovery during the pendency of this matter. (Reply, Doc. 22, Pg. ID 285.) Thus, as Plaintiff has not responded to Defendants' Motion for Summary Judgment, dismissal of her case is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Motion to Dismiss (Doc. 23) is **DENIED**;

2. Defendants' Motion for Summary Judgment (Doc. 21) is **GRANTED**;

3. Summary Judgment is **ENTERED** in favor of Defendants on all of Plaintiff's claims; and

4. This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND